(Decided March 24th, 1896.)

---

# WILLIAM J. MESSICK *vs.* THE STATE OF MARYLAND.

*Appeal in Criminal Case From Action of Circuit Court on Appeal From a Magistrate.*

No appeal lies from a judgment of a Circuit Court on appeal from a judgment of the justice of the peace convicting a party of a violation of the oyster law and imposing a fine, whether the justice had jurisdiction of the offence or not.

Appeal from the Circuit Court for Dorchester County. The appellant was charged before a justice of the peace with violating section 16, of chapter 380, of the Acts of 1894, known as the "General Oyster Law," by taking or catching oysters at night, tried and convicted. He appealed to the Circuit Court for Dorchester County, and at the November term of said Court, through his counsel, moved to quash the proceedings and dismiss the appeal upon the ground that the justice of the peace had no jurisdiction to

try the case and enter the judgment appealed from. The Court overruled the motion and upon " plea of guilty with submission to the Court" being entered, the Court found the party guilty and sentenced him to pay a fine of fifty dollars, being the same fine imposed by the justice of the peace.

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and BOYD, JJ.,

*Alonzo L. Miles*, for the appellant.

The appellant's counsel contends : First. That under the General Oyster Law of Maryland, contained in chapter 380, of the Acts of 1894, and especially under section 24 of said Act, a justice of the peace has no jurisdiction to try a party charged under said oyster law, with an offence the punishment for which is imprisonment in the House of Correction. Second. That although section 16, of chapter 380, of the Acts of 1894, seems *inferentially* to confer jurisdiction upon a justice of the peace in such cases, it is to the extent that it confers such jurisdiction, repealed by section 24, which is a subsequent section of the same Act. *Smith, Comptroller,* v. *School Commissioners of Dorchester County,* 81 Md. 513. Third. That where "there is want or failure of jurisdiction" in the magistrate, there is a right of appeal to this Court. *Kane* v. *State,* 70 Md. 547. Fourth. That the fact that the appellant waived his right to trial by jury and elected to be tried by the magistrate, conferred upon the magistrate no jurisdiction of the subject-matter of the accusation that the law does not give.

*Harry M. Clabaugh, Attorney-General,* for the appellee.

The appeal in this case ought to be dismissed, because the appellant having taken his appeal from the justice of the peace to the Circuit Court, is precluded from an appeal to this Court. *Rayner* v. *The State,* 52 Md. 368. The proper course, if the question of jurisdiction was to be tested by appellant, was to have applied for the writ of *cer-*

*tiorari.*   *Ibid.*   Independent of the question of dismissal, the justice of the peace clearly had the right to hear the case, the punishment for the offence of taking or catching oysters at night, being in the alternative of either a fine or confinement in House of Correction, as provided in section 16 of Act 1894.   *State* v. *Towle*, 48 N. H. 99.

Under section 24, where the penalty is "imprisonment in the House of Correction" *alone*, the justice shall hold the parties charged for the grand jury, but, it is respectfully suggested, that in the imposition of a fine, the justice was clearly within the exercise of his powers, and the appellant having appealed from his decision to the Circuit Court, the judgment of the latter was final.

BRYAN, J., delivered the opinion of the Court.

A justice of the peace of Dorchester County issued a warrant against William J. Messick, on the charge of unlawfully taking and catching oysters at night.   He waived his right to a trial by jury ; and being found guilty by the justice, he was fined fifty dollars.   He appealed to the Circuit Court.   After certain proceedings there, which it is not necessary to consider, he was found guilty and fined.   He thereupon appealed to this Court.

A motion has been made to dismiss the appeal.   If there was a right of appeal from the justice of the peace to the Circuit Court, its judgment cannot be reviewed in this Court ; but if there was no such right of appeal the judgment may be reviewed in this Court.   This point was settled in *Webster* v. *Cockey*, 9 Gill, 93.   The question has been frequently before this Court, and has uniformly been decided the same way.   It was presented somewhat recently in *Judefinds case*, 78 Maryland, 510.   The Act charged in the warrant is made penal by the Act of 1894, chapter 380, section 16. By section 49 of the same Act any person convicted before a justice of the peace under any of the preceding provisions of the Act shall in all cases have the right of appeal to the Circuit Court.   It is said that according to the twenty-

fourth section of the Act, the justice had no jurisdiction to try this case.  Supposing this to be so ; the appeal brought the whole case before the Circuit Court, including the question of jurisdiction.  After it acquired possession of the cause by virtue of the appeal, if it committed any errors in the course of the trial before it in deciding the questions involved in the charge ; such supposed errors cannot be reviewed by us.  In *Rayner* v. *State*, 52 Maryland, 375, it was said :  " If the Circuit Court had power and jurisdiction, under the appeal taken, to revise and reverse the judgment of the justice, either for the want of jurisdiction in the justice or upon other grounds, it had right and jurisdiction to affirm the judgment of the justice, and that judgment of affirmance must be taken as final and conclusive, as the judgment of reversal would have been, if such judgment had been rendered."

*Appeal dismissed.*

(Decided March 24th, 1896.)