# JOHN T. HENDRICK *vs.* THE STATE OF MARY-LAND.

*Court of Appeals; jurisdiction. Writ of certiorari; appeals and writs of error; jurisdiction of Circuit Courts and justices of the peace. Acts of 1910, Chapter 207; motor vehicles; regulation; violations; trial by justice of the peace.*

Where the statute gives the right of appeal to a lower Court, and none is expressly given to the Court of Appeals, no appeal will lie ordinarily from the decision of the lower Court.

p. 557

But if the lower Court, justice or other tribunal appealed from had no jurisdiction, an appeal or writ of error on that ground may be entertained by the Court of Appeals.　　p. 557

In such cases an application for a writ of *certiorari* to the Court of Appeals, to test the jurisdiction, will not be entertained.　　　　　　　　　　　　　　　　　p. 557

*Gaither* v. *Watkins,* 66 Md. 576, in stating that the writ of *certiorari* ought not to be granted in any case where the party had the right of appeal, *except for the purpose of testing jurisdiction,* had reference to the application for the writ to the Circuit Court.　　　　　　　　　　　　　p. 557

Appeals or writs of error are the usual methods of bringing cases up for review by the Court of Appeals.　　　p. 557

The Court of Appeals is one of appellate jurisdiction only.

p. 558

The Court of Appeals may grant a mandamus, certiorari or other appropriate writ in aid of its appellate jurisdiction, but it has no power, under the Constitution, to issue such writs in cases of any other subject-matter of original jurisdiction.

p. 558

The jurisdiction of the Circuit Court and of a justice of the peace, or other inferior tribunal can be tested by appeal from, or writ of error to the Circuit Court; and where a writ of *certiorari* is issued out of the Circuit Court to test the power and jurisdiction of an inferior tribunal to act at all in the matter, the Circuit Court acts in its common law capacity, and from its judgment an appeal will lie to the Court of Appeals.                                        p. 559

If a lower Court has the right to decide what it did decide, under a power of review given by a statute, no question can be made in the Court of Appeals on the ground of its want of jurisdiction, and whether the lower Court rightly decided or not, can be reviewed by the Court of Appeals only in cases where that Court is given the right to review.     p. 560

The Act of 1910, Chapter 207, section 140P, relating to automobiles, declares that "any person so convicted of any offence," etc., "shall have the right of appeal from the judgment of the justice of the peace and such Court" (the Circuit Court) "on such appeal shall hear the case *de novo.*" *Held,* the judgment of the Circuit Court on such appeal is final and binding.                                 pp. 560-561

To test, in the Court of Appeals, the constitutionality of a statute giving power to justices of the peace, application for a writ of *certiorari* for the proceedings in a case involving that jurisdiction may be made to the Circuit Court; and from a judgment of that Court appeal may be made to the Court of Appeals; but if from the action of the justice an appeal is taken under the statute, the judgment of the Circuit Court is final, provided it had jurisdiction over the subject-matter and parties.                             pp. 562-563

When a State Court decides a question involving provisions of the Federal Constitution its decision, unless it be a case in which the Federal Courts have exclusive jurisdiction, is final and conclusive on the parties, unless the question be taken to the Supreme Court of the United States.     p. 561

*Decided April 5th, 1911.*

Appeal from the Circuit Court for Prince George's County (BEALL, J.).

J. T. H., a citizen of the District of Columbia, was arrested in Prince George's County on a warrant issued by a justice of the peace on the charge of violating section 133 of Chapter 481 of the Acts of 1910, by operating an automobile on the public roads without first having filed an application for the registration of the same; on being brought before a justice of the peace the traverser moved to quash the warrant on the ground that the Acts of 1910, Chapter 481, was unconstitutional in that it was an unlawful attempt to regulate commerce between the States; that it restricted free ingress and egress into and from the State of Maryland; that it discriminated against the citizens of the District of Columbia; that it was not a proper exercise of the police power, nor of the revenue power of the State; that the charge fixed by the statute for the use of the roads was unequal, unfair, and was class legislation. The motion to quash was denied; the traverser was tried by the justice of the peace for the violation of the said section of the Acts of 1910; was found guilty and fined $15.00 and costs. The traverser appealed to the Circuit Court for Prince George's County under section 140P of the said chapter of the Acts of 1910, depositing the amount of the fine and costs with the Clerk of the Circuit Court, pending the decision of the appeal, according to the provisions of the law. The case was submitted to the Circuit Court of Prince George's County upon an agreed statement of facts, and the judgment of the justice of the peace was affirmed. The traverser then petitioned the Court of Appeals for a writ of *certiorari* addressed to the Circuit Court of Prince George's County, alleging that the act was unconstitutional, relying on the same grounds as those presented in the motion before the justice of the peace, and basing his right to the writ on the further fact that, since the appeal of the Circuit Court was final, there was no other way by which the constitutionality of the act or the jurisdic-

tion of the justice of the peace or of the Circuit Court could be raised or denied.

The traverser had also been arrested on a warrant charging him with the violation of section 137 of Chapter 481 of the Act of 1910, in that he had not procured the license by the said act and section required, and that he was not accompanied by a licensed operator, as further required by the said section; a motion to quash this warrant on the same grounds as those stated above, was overruled; on being tried and found guilty by the justice, the traverser appealed to the Circuit Court for Prince George's County, and the judgment of the justice of the peace being confirmed by that Court, he petitioned to the Court of Appeals for the writ of *certiorari* upon the same grounds as those stated above.

Both petitions, numbered 73 and 74, on the January Term Docket, 1911, were submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON and URNER, JJ.

*Ralston Siddons & Richardson,* with *C. L. Bouvé,* filed notes for the petitioner.

*Isaac Lobe Straus, Attorney-General,* filed notes for the appellee.

BOYD, C. J., delivered the opinion of the Court.

John T. Hendrick filed a petition in this Court for a writ of *certiorari* directed to the Circuit Court for Prince George's County, to the end that the case against him referred to in the petition may be reviewed and that the judgment of the Circuit Court may be quashed. The petitioner was arrested for operating his automobile without having paid the registration fee required by section 133 of the Motor Vehicle Law of Maryland passed in 1910 (Chapter 207), and was taken before a justice of the peace for Prince George's County. He filed a motion to quash the warrant on the ground that the act was unconstitutional which was overruled by the jus-

tice, and he was then tried, found guilty and fined the sum of $15.00. He then entered an appeal to the Circuit Court for that county, and the record of the proceedings before the justice having been transmitted to that Court, the petitioner was there tried and the judgment of the justice was affirmed.

Section 140p of the Act of 1910 gives any person convicted by a justice of any offense under the sub-title of the Act the right to appeal to the Court of criminal jurisdiction of the county in which he may be convicted, which is the Circuit Court. The petitioner availed himself of that right, but contends that he is entitled to the writ of *certiorari* on the ground that the act is unconstitutional, and that for that reason the Court was acting outside of the jurisdiction conferred upon it by law—the contention of the petitioner being that the Circuit Court was in error in assuming jurisdiction of the case when it had before it an agreed statement of facts. showing that he was a citizen of the United States, a resident of the City of Washington, in the District of Columbia, and conducted and operated his automobile from the City of Washington into Prince George's County, and while temporarily operating the same as aforesaid was arrested in Hyattsville, in said county, on the charge of operating his said automobile on the highways in the State of Maryland without having procured the certificate of registration required by section 133 of the Motor Vehicle Law of said State.

So far as we are aware this is the first time an application has been made to this Court to grant the writ of *certiorari* to the Circuit Court (or any Court having like jurisdiction), on the ground that the latter, when sitting in its appellate capacity, hearing an appeal from a justice of the peace or other tribunal which was authorized by law to be taken to it, had exceeded its jurisdiction. That fact alone should cause us to be extremely cautious in entertaining such an application, for our reports contain many decisions in which the jurisdiction of the Circuit Court (we need not mention other Courts exercising like jurisdiction) has been attacked on the ground that the justice of the peace, or other

tribunal appealed from, did not have jurisdiction, and hence the lower Court did not have it. If it had been supposed by the profession that there was a remedy by the writ of *certiorari*, it would surely have heretofore been resorted to by some of the attorneys engaged in such cases.

We have frequently decided that, although when a statute gives the right of appeal to the lower Court and no appeal is expressly given to this Court ordinarily we have no jurisdiction to entertain an appeal from the judgment of the lower Court, if the lower Court and the justice or other tribunal appealed from did not have jurisdiction we would entertain an appeal or writ of error on that ground. As that is thoroughly established in this State, it would of itself be sufficient reason for refusing to grant a writ of *certiorari* to test the question of jurisdiction, as appeals or writs of error are the usual methods of bringing cases before this Court for review, and nothing could be accomplished in such cases by writs of *certiorari*, which could not be by one of those methods. It is true it was said in *Gaither* v. *Watkins*, 66 Md. 576, that we were not prepared to go to the extent of saying that "a writ of *certiorari* ought not to issue in any case where a party has a remedy by appeal or by writ of error," but it was also there said that "the writ ought not to be granted in any case, where the party has a right of appeal, except for the purpose of testing the jurisdiction of the tribunal below." That had reference to an application to such a Court as the Circuit Court for the writ of *certiorari*, to be issued to an inferior tribunal, and the reason why that Court should allow the writ to test the jurisdiction is given in that opinion, and is not in any way applicable to this Court. The reason there assigned was, that an appeal to the Circuit Court from an inferior tribunal "brings up the case generally on its merits, and this would in a case like the one before us, involving the question whether the public convenience required the road to be open, subject the parties to an expensive and protracted litigation. Whereas, by *certiorari*, to test merely the jurisdiction of the commissioners, the question is one to be decided

on the face of the proceedings themselves. In such cases it is a more efficient remedy than by appeal." In this Court we could not consider the merits of the case, but could only entertain the question of jurisdiction, which could be done as fully and as thoroughly by appeal or writ of error as by *certiorari.* There is therefore no valid reason for granting the latter.

It would certainly be contrary to all precedents, and not in accordance with the purposes for which this Court was constituted, to issue the writ of *certiorari* in such a case as this. In many of the States there are constitutional or statutory provisions authorizing their highest appellate Courts to issue this writ, as will be seen by a reference to 4 *Ency of Pl. and Pr.* 15, etc. But this Court is one of appellate jurisdiction only. In *Sevinskey* v. *Wagus,* 76 Md. 335, we held that a statute which provided that "the Court of Appeals, and the Chief Judge thereof, shall have the power to grant the writ of *habeas corpus,* and to exercise jurisdiction in all matters relating thereto throughout the State" was unconstitutional and void, as the Legislature had no power to confer upon the appellate Court such original jurisdiction. In passing on the question CHIEF JUDGE ALVEY said: "The Constitution, Article 4, section 14, in defining the jurisdiction of this Court, declares, that 'The jurisdiction of said Court of Appeals shall be coextensive with the limits of the State, and such as now is or may hereafter be prescribed by law;' that is to say, such appellate jurisdiction as the Court then had or might thereafter have conferred upon it. The Court at the time of the adoption of the present Constitution had, under former Constitutions, appellate jurisdiction only; and the terms by which the jurisdiction is defined in the present Constitution are substantially the same in meaning as those employed in the Constitutions of 1851 and 1864. It would therefore seem to be clear that the jurisdiction of this Court is appellate only; for if not so, and the Legislature could confer original jurisdiction upon it in cases of *habeas corpus,* it could also confer such jurisdiction in cases of *manda-*

*mus,* or in cases of any other subject-matter of original juris-
diction. This manifestly was never contemplated by the
framers of the Constitution, and therefore the attempt by the
Legislature to confer such jurisdiction is simply nugatory
and void. *Ex parte O'Neill,* 8 Md. 227; *State v. Shields,*
49 Md. 301; *State* v. *Glenn,* 54 Md. 594." It will be
observed that the Legislature had attempted to confer the
power sought to be enforced in that case.

Of course it was not intended by that decision to say that
this Court could not grant a *mandamus, certiorari* or other
appropriate writ in aid of its appellate jurisdiction, but there
is no power granted to it by the Constitution to issue writs
of *mandamus, certiorari,* or writs in cases of any other sub-
ject-matter of original jurisdiction, and the Legislature has
not attempted to do so, if it be supposed that it could consti-
tutionally confer such power, notwithstanding what has
already been said on that subject in the former decisions of
this Court. Under our system it would be of little, if any,
use, if it had the power, for, as we have already said, the
question of jurisdiction of the Circuit Court, and of the
justices of the peace or other inferior tribunal can be tested
by appeal from or writ of error to the Circuit Court, and, in
addition to that, where the writ of *certiorari* is sued out of
the Circuit Court to test the power and jurisdiction of the
inferior tribunal to act at all in the matter, the Circuit Court
acts in its ordinary common law capacity, and an appeal will
lie to this Court from its judgment, *B. & H. Turnpike Co.*
v. *N. C. R. R. Co.,* 15 Md. 193; and that too notwithstand-
ing an appeal is given by the statute from the justice of the
peace or other inferior tribunal to the Circuit Court. *Rayner*
v. *State,* 52 Md. 368; 2 *Poe on Pl. and Pr.,* sec. 723 A.

But even if we had original jurisdiction and were called
upon to issue a writ of *certiorari* in such case as this, there
would still be conclusive reasons why we should not do so.
As under our decisions it is settled beyond all question that
when there is an appeal the writ can only properly issue to
inquire into the jurisdiction of the lower Court, and prevent

it from transcending the powers validly conferred upon it, we would be met at the very threshold of this case by the fact that there is nothing to show that the lower Court did exceed its jurisdiction. The learned counsel for the petitioner overlook the distinction so often made by this Court between cases in which there is the right to decide and those in which the question is simply whether they were rightly decided, or as CHIEF JUDGE McSHERRY, in his concise and forcible way of stating propositions, said in *N. Y. Mining Co.* v. *Midland Co.,* 99 Md. 512, "the inquiry here is, not whether the trial Court rightly decided but whether it had the right to decide what it did decide." If the lower Court had the right to decide what it did decide, then no question can be made in this Court on the ground of want of jurisdiction, and whether it rightly decided what it did decide can only be reviewed by this Court when the right of review is given it. If that Court had no right to decide the constitutionality of the statute, when raised on the appeal to it, what was to become of the case? No other tribunal was given authority to determine it. Surely it can not be the law in this or any other State, that because the constitutionality of a statute is attacked, the Court must then and there stop all proceedings and further consideration of it, and require the case to remain undertermined. But that is precisely what the contention of the petitioner, if sustained, would lead to. If the Court had no jurisdiction to decide that the law was constitutional, where did it get the jurisdiction to do what the petitioner asked it to do—decide that it was not constitutional? When the petitioner took the appeal and the papers were transmitted to it, it not only had the jurisdiction to decide the case, but it was its manifest duty to do so, unless the parties made some other authorized disposition of it. The statute in terms says that "any person so convicted of any offense under this sub-title shall have the right of appeal from the judgment of such justice of the peace * * * and such Court on such appeal shall hear the case *de novo*." No appeal to this Court is given but, as we have seen, an appeal

will lie to test the jurisdiction. The judgment of the Court to which the appeal is taken under the statute is therefor as final and binding on the parties as a judgment of this Court would be in any case in which its judgment is final—provided the Court had jurisdiction, and if it did not have, ample remedy is afforded the accused by appeal or writ of error.

It is not unusual for State Courts to have questions before them involving provisions of the Federal Constitution, and it can not be said that they have not the jurisdiction to determine such questions, unless there be some case in which the Federal Courts have exclusive jurisdiction. When the State Court determines the question, it is final and binding on the parties, unless reviewed by the tribunal authorized to review it, and it can not be said that such Court had no jurisdiction over the case merely because a Federal question was involved. In this Court we frequently have such questions presented, but it has never been suggested that our decisions were not final and conclusive on the parties, if not taken to the Supreme Court of the United States.

In *Rayner* v. *State,* 52 Md. 368, it was contended that the statute under which the traverser had been convicted before the justice of the peace, which conviction was affirmed by the Circuit Court on appeal, was unconstitutional. JUDGE ALVEY, in speaking for the Court, said: "But, whatever may be thought of the particular provisions of the statute supposed to be obnoxious to constitutional objections, and if the objections were conceded to be well taken, it does not follow that the right of appeal was not well and validly given, and that the Circuit Court would not have power and jurisdiction to hear and decide the case." After saying that it was true that the Circuit Court was not in the exercise of its ordinary common law jurisdiction, but was acting as a Court of special limited jurisdiction, he continued: "Its judgment, however, rendered within the limits of the special jurisdiction conferred, is not only binding, but is final. This Court has no power to review it, and consequently the assignment of errors

must be dismissed." The Court went on to say that, "If, instead of the appeal under the statute, the party had applied for the writ of *certiorari,* upon the specific ground of the unconstitutionality of the statute, and the consequent want of power and jurisdiction of the magistrate to proceed under it, the Circuit Court then would have been in the exercise, not of the special limited jurisdiction, but of its ordinary common law jurisdiction; and from its judgment in the premises a writ of error or an appeal could have been prosecuted to this Court."

In the case of *Judefind* v. *State,* 78 Md. 510, the Sunday law was attacked on the grounds, amongst others, that it was contrary to the first paragraph of the 14th Article of the Constitution of the United States, and the Bill of Rights of Maryland. This Court after repeating what in substance had been said in *Rayner* v. *State,* in speaking of the Circuit Court said: "That Court had the power and authority to entertain the appeal from the judgment of the justice on the question of jurisdiction, as well as on other grounds, and, the plaintiff in error having invoked and submitted himself to its jurisdiction, its judgment is final and conclusive." See also *Messick* v. *State,* 82 Md. 583; *Roth* v. *State,* 89 Md. 524; *Arnsperger* v. *Crawford,* 101 Md. 247; *Josselson* v. *Sonneborn,* 110 Md. 546; *Smith Premier Co.* v. *Westcott,* 112 Md. 146; 2 *Poe on Pl. and Pr.,* sec. 723 A.

It will be seen from the cases cited and others which might be referred to that if it is desired to test in this Court the constitutionality of a law, which it is alleged is unconstitutional and void, and hence that the justice can not lawfully act under it, application for a writ of *certiorari* can be made to the Circuit Court and from the judgment of that Court an appeal can be taken to this Court, but if, instead of doing that, there is an appeal to the Circuit Court, under the authority of the statute giving such appeal, its judgment on the constitutionality of the statute as well as upon other grounds in final and conclusive. Of course, if the justice and the Court on appeal had no jurisdiction of the subject-

matter, or of the parties, by reason of the defendant not being summoned or something of that kind, then there is still an appeal to this Court, but if the Circuit Court had jurisdiction over the subject-matter and the parties, its decision is final. But in none of those cases or in any others in this State has it ever before been said or suggested that an application can be made to this Court for a writ of *certiorari* directed to the Circuit Court, when the latter had decided the case on an appeal authorized by the statute. That would simply be an unauthorized method of having this Court review a decision of the Circuit Court, which is made by the statute the appellate Court, without further appeal to this Court.

The petitioner in his notes relied on *Williamson* v. *Carnan,* 1 G. & J. 196, and *Swann* v. *Cumberland,* 8 Gill, 150, as well as some authorities outside of this State, but there is nothing in them which requires us to further prolong this opinion by a discussion of them. In a number of the other States, as we have seen, it has been held that under their Constitutions and statutes, their highest appellate Courts have jurisdiction to issue this writ, but of course we must be governed by our own Constitution, statutes and decisions, and there is nothing in the two Maryland cases mentioned which conflicts with what we have said—especially when considered in connection with later decisions, where such questions as we have been considering have been more directly presented.

It follows that the application for the writ of *certiorari* must be denied.

> *Application for writ of certiorari denied and the petition dismissed, the petitioner to pay the costs.*