STATE OF MARYLAND ex rel. MAYOR AND CITY COUNCIL OF BALTIMORE et al. *vs.* ISABELLA RUTHERFORD.

*Court of Appeals—No original Jurisdiction—Writ of Certiorari—Baltimore Zoning Ordinance.*

The Court of Appeals has no original jurisdiction, and has no power to issue original writs, such as those of certiorari, habeas corpus, or mandamus, whatever may be its power as to the issue of appropriate writs in aid of its appellate jurisdiction.                                                    p. 369

The issuance of the writ of certiorari is within the sound judicial discretion of the court to which application is made.
p. 370

The Zoning Ordinance of Baltimore City, in providing for an appeal from the Board of Zoning Appeals to the Baltimore

City Court, and providing that the court shall on such appeal hear the case *de novo* and pass such an order as it may deem right and proper, contemplates the possibility of a trial by jury in such court.                                    pp. 370, 371

*Decided March 5th, 1922.*

Petition by the State of Maryland on the relation of the Mayor and City Council of Baltimore and the Board of Zoning Appeals of Baltimore City for a writ of certiorari to the Baltimore City Court. Petition denied.

The cause was argued before BOYD, C. J., THOMAS, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*A. Walter Kraus, Assistant City Solicitor,* with whom was *Philip B. Perlman, City Solicitor,* for the petitioner.

*E. Ridgely Simpson,* for Isabella Rutherford, respondent.

DIGGES, J., delivered the opinion of the Court.

This is a petition by the Mayor and City Council of Baltimore City and the Board of Zoning Appeals of Baltimore City to this Court, praying that a writ of certiorari might be issued directed to the Baltimore City Court, commanding it to certify and return to this Court all of the records of the proceedings in the case therein pending, entitled *Isabella Rutherford v. Mayor and City Council and the Board of Zoning Appeals of Baltimore City,* to the end that this Court may determine whether the said Baltimore City Court has exceeded its jurisdiction, or is proceeding in a manner not authorized or warranted by law in said case, and that all proceedings in that court may be stayed until the hearing and determination upon this writ.

The said petition is verified by affidavit and sets out substantially the following facts: The Mayor and City Council of Baltimore, on May 19th, 1923, enacted and approved Ordinance No. 922, commonly called the Zoning Ordinance,

pursuant to the police power conferred upon the said Mayor and City Council, and because it was deemed necessary in order to protect and promote the public health, safety and general welfare, as set forth in the preamble of said ordinance.

For the purposes sought to be accomplished, Section 2 of said ordinance divides the City of Baltimore into four classes of "use districts" designated as (a) residence districts, (b) first commercial district, (c) second commercial district, and (d) industrial districts, said districts being shown on the use district map made a part of said ordinance.

Section 3 (a) of said ordinance prohibits the use of any building or land situated in the districts designated residence districts, for garage purposes, unless said garage is an "accessory garage," within the meaning of Section 3 (b) of said ordinance, or unless said garage is an "apartment garage," and complies with the conditions specified in Section 3 (a-10) of said ordinance.

Section 21 provides that the said ordinance shall be enforced by the Inspector of Buildings, who is designated as the Zoning Commissioner; and further, that the said Zoning Commissioner shall issue no permit for the construction or alteration of any building or part thereof unless the specifications and intended use of such building conform in all respects with the provisions of said ordinance.

By Section 22 (a) there is established a Board of Zoning Appeals, consisting of the Chief Engineer of Baltimore City, the Commissioner of Health of Baltimore City, the President of the Board of Fire Commissioners of Baltimore City and four other members to be appointed by the Mayor, two of which said four members, to be so appointed, are required to possess certain qualifications prescribed by said ordinance.

Section 7 of said ordinance empowers the Board of Zoning Appeals, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, to determine and vary the "use districts" legally established by the ordinance.

Section 22 (f) of said ordinance authorizes and empowers the Board of Zoning Appeals to reverse or affirm, wholly or partly, or to modify the order, requirement, decision or determination of the Zoning Commissioner, and to that end confers upon the Board of Zoning Appeals all of the powers of the Zoning Commissioner.

Section 22 (c) of said ordinance provides that any person or persons who may be dissatisfied with any order, decision or determination of said Board of Zoning Appeals, in which he or they are in any manner interested, may within ten days after the date of said decision, appeal therefrom by petition to the Baltimore City Court, praying said court to review the same, and thereupon said court shall pass an order setting said appeal for a hearing within ten days from the date of the filing of said appeal, and requiring the Board of Zoning Appeals to produce in said court on the day fixed for said hearing, all papers, documents or memoranda relating to said order, decision or determination from which said appeal is prayed, and the said Baltimore City Court shall hear said case *de novo*, and pass such order in the premises as it may deem right and proper. Such appeal to the Baltimore City Court may also be taken by an officer, department, board or bureau of the municipality within ten days as above provided.

After the passage of said Zoning Ordinance, to wit, on the 8th day of June, 1923, Isabella Rutherford applied to the Zoning Commissioner of Baltimore City to erect an accessory garage and an addition to an existing apartment garage in the rear of her premises, 3118 Presbury Street, in Baltimore City, State of Maryland, the said premises being in a residence district as defined in said ordinance, and laid out and designated upon the said use district map. Protest being filed against the issuance of such permit, the same was refused by the Zoning Commissioner, and an appeal was thereupon taken from his decision to the Board of Zoning Appeals. The said Board of Zoning Appeals, after due hearing, affirmed the decision of the Zoning Commissioner, where-

upon the said Isabella Rutherford filed a petition for review of said decision in the Baltimore City Court, in which petition was incorporated a prayer for a jury trial. The relators filed an answer to said petition, as well as a motion to strike out the prayer for jury trial.

On the 24th day of October, 1923, the Baltimore City Court overruled the motion of said relators to strike out the prayer for jury trial, and held that the respondent was entitled to have the decision of the Board of Zoning Appeals reviewed by that court with the aid of a jury.

The relators alleged in the petition to this Court that in awarding the jury trial to the respondent the Baltimore City Court transcended its jurisdiction, and is proceeding in a manner not authorized or warranted by law, and that unless this Court will intervene in the premises, and by its writ of certiorari require the Baltimore City Court to transmit the record of its proceedings to this Court for the purpose of determining whether said Baltimore City Court has exceeded its jurisdiction, or is proceeding in an unauthorized and unwarranted manner, the relators will be without remedy to correct the wrong done them, since there is no appeal in this class of cases from the decision of the Baltimore City Court.

On the 5th day of December, 1923, upon the said petition and affidavit of the relators, this Court, by Hon. A. HUNTER BOYD, Chief Judge, passed an order setting the petition for the writ of certiorari for a hearing on January 16th, 1924, with leave to the petitioner and respondent to be heard orally, and to file briefs in respect thereto, and that the proceedings in this case in the Baltimore City Court be stayed, pending the disposition of said petition by this Court; and further ordered that a copy of the petition and the said order be served upon the petitioner and the respondent, Isabella Rutherford, or her attorney of record in the Baltimore City Court, and that a copy thereof be forthwith transmitted under the seal of this Court to the Baltimore City Court.

On January 11th, 1924, the respondent appeared in this Court by attorney and filed her motion to dismiss the petition.

The questions presented for determination by this Court are, first, has the Court of Appeals of Maryland jurisdiction and authority to issue the writ of certiorari in the present case? and second, if this Court has jurisdiction to grant the writ of certiorari in a proper case, should it do so in the case under consideration?

In *Hendrick v. State,* 115 Md. 556, this Court, speaking through CHIEF JUDGE BOYD, said: "So far as we are aware this is the first time an application has been made to this Court to grant the writ of certiorari to the Circuit Court (or any Court having like jurisdiction), on the ground that the latter, when sitting in its appellate capacity, hearing an appeal from a justice of the peace, or other tribunal which was authorized by law to be taken to it, had exceeded its jurisdiction. That fact alone should cause us to be extremely cautious in entertaining such an application, for our reports contain many decisions in which the jurisdiction of the Circuit Court (we need not mention other courts exercising like jurisdiction) has been attacked on the ground that the justice of the peace, or other tribunal appealed from, did not have jurisdiction, and hence the lower court did not have it. If it had been supposed by the profession that there was a remedy by the writ of certiorari it would surely have heretofore been resorted to by some of the attorneys engaged in such cases." And later JUDGE BOYD, in dismissing the petition for a writ of certiorari in that case, said, "But this Court is one of appellate jurisdiction only," and quoted in support of that statement the case of *Sevinskey* v. *Wagus,* 76 Md. 335, wherein we held that an attempt by the Legislature to confer upon the Court of Appeals and the Chief Judge thereof the power to grant the writ of habeas corpus was unconstitutional and void. In passing upon the question in that case, and speaking of this Court, CHIEF JUDGE ALVEY said, "The court at the time of the adoption of the present Constitution had, under former Constitutions, appellate jurisdiction only; and the terms by which the jurisdiction is defined in the present Constitution are substantially the

same in meaning as those employed in the Constitutions of
1851 and 1864. It would, therefore, seem to be clear that
the jurisdiction of this Court is appellate only; for if not so,
and the Legislature could confer original jurisdiction upon
it in cases of habeas corpus, it could also confer such juris-
diction in cases of mandamus, or in cases of any other sub-
ject-matter of original jurisdiction. This manifestly was
never contemplated by the framers of the Constitution, and,
therefore, the attempt by the Legislature to confer such
jurisdiction is simply nugatory and void." Citing *Ex parte
O'Neill,* 8 Md. 227; *State v. Shields,* 49 Md. 301; and *State
v. Glenn,* 54 Md. 594.

It being beyond the power of the Legislature to confer
upon this Court original jurisdiction, or jurisdiction not
appellate, it necessarily follows that it has no original juris-
diction upon petition of parties litigant, and has no power to
issue original writs of certiorari, habeas corpus, mandamus
or any other subject matter of original jurisdiction.

It can be readily seen that cases may arise where, for the
proper and complete exercise of its appellate jurisdiction, it
may be necessary for this Court to grant the writs of cer-
tiorari or mandamus, and the cases above cited do not mean
to say, nor do we here decide, that this Court could not issue
any appropriate writ in aid of its appellate jurisdiction.

The record here does not present a case where the writ of
certiorari is asked to be granted, as necessary for the de-
termination and decision of a case properly before this Court
on appeal, or in any manner in aid of its appellate jurisdic-
tion, but is for the sole purpose of having this Court, upon
an original petition, determine that the Baltimore City
Court, concededly having jurisdiction of both the parties and
subject matter on appeal to it from the decision of the Board
of Zoning Appeals, erred in granting a jury trial to the re-
spondent.

Even if we had original jurisdiction and were called upon
to issue the writ of certiorari in such a case as this, there
would be conclusive reasons why we should not do so. The

issuance of the writ of certiorari is within the sound judicial discretion of the court to which application is made, and we do not think the learned judge below committed an error in refusing to grant the motion of the relators to strike out the prayer for jury trial contained in the petition of the respondent to the Baltimore City Court.

The question presented here is not whether it was within the power of the Mayor and City Council of Baltimore City to deny to the respondent a jury trial on her appeal from the Board of Zoning Appeals to the Baltimore City Court, but whether under a proper construction of the meaning of Section 22 (c) of the Zoning Ordinance a jury trial was, in fact, denied. As hereinbefore quoted, that section provides, upon appeal to it, the Baltimore City Court shall hear said case *de novo* and pass such order in the premises as it may deem right and proper. There is nothing in the language used which would indicate the intention of the law makers to prohibit a jury trial, but, on the contrary, it is such language as would be ordinarily used in giving appeals to courts consisting of judge and jury, and, it will be noted, is substantially the same language used in section 86 of article 5 of the Code of Public General Laws relating to appeals from justices of the peace to the circuit courts for the counties or the Baltimore City Court, in which said cases we can find no case in which it has been even contended that a jury trial was denied, or any decision of this Court holding that the language therein used prevented or denied a trial by jury. The language in the Zoning Ordinance, as in the section of the Code above referred to, is that the court to which such appeal is taken shall hear the case *de novo*. Any other construction given to the language used in said section 22 (c) would be contrary to the meaning usually and ordinarily given to the words employed, and would be a denial of one of the most important rights guaranteed by the Constitution and the Declaration of Rights.

It was contended by counsel for the petitioners that a jury trial was not intended for the reason that the ordinance did

not in terms provide for such a trial, and further, that there were no questions of fact upon which a jury could be called upon to pass. To this conclusion we cannot assent, for had the ordinance intended to deny a jury trial upon appeal, it could have done so by use of specific language to that effect, as by giving an appeal to the Baltimore City Court and providing that the case should thereupon be tried without the aid of a jury.

If in the present case there are no questions of fact to be submitted to a jury or which a jury should properly pass upon, the presence of a jury could do no harm, as the court by proper instructons as to the law direct their verdict, and it can be easily seen that cases can arise under the provisions of the ordinance wherein questions of fact will necessarily have to be passed upon in determining the case under consideration by the court.

For the reasons given, the petition must be denied.

*Petition dismissed, with costs to the respondent.*