THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM RITTER, Defendant.

County Court, Erie County, December, 1922.

*Crimes — automobiles — when owner of truck used in delivering bread is an independent contractor and not an employee of bakery — operator's license sufficient — Highway Law, § 289, subd. 4.*

APPEAL from judgment of City Court of Buffalo convicting defendant of violating section 289, subdivision 4, of the Highway Law.

*Frank B. Rowley,* assistant district attorney (*Guy B. Moore,* district attorney), for People.

*Michael F. Dirnberger, Jr. (Dirnberger & Moore),* for defendant.

Noonan, J. The undisputed facts in the case are as follows: The defendant owns and maintains a Ford delivery truck which he uses to deliver bread, cakes and other products which he gets from the Hegel Bread Company and sells to his own customers. He has an owner's license and carries his own liability insurance. He is at liberty to deal in other commodities. The name of the Hegel Baking Company does not appear in any way upon the truck. He chooses his own territory to some extent, being naturally held to the section in which he has worked up a trade. He gets his merchandise at eighteen per cent less than the retail price, and weekly settlements are made. None of the merchandise is returnable to the company, except the bread.

The People claim that defendant has violated section 289, subdivision 4, of the Highway Law which reads: " An operator's license shall not entitle a person to drive a motor vehicle as an employee or for hire. No person shall operate or drive a motor vehicle upon a public highway of this state unless such person shall have complied in all respects with the requirements of this section, and of section two hundred and eighty-two of this act. * * * "

I assume that defendant complied with the provisions of section 282 before an owner's license was issued to him. An operator's license is required only in counties wholly included in a city. § 281. Therefore, the defendant has violated no law unless he was a chauffeur requiring a license under subdivision 1 of section 289. Under definitions, section 281, we find: " The term ' chauffeur ' shall mean any person operating or driving a motor vehicle, as an *employee* or for *hire*," so that the real question is whether or not the defendant was an *employee* of or working for *hire* for the Hegel Baking Company.

A fair definition of the word " employee " is: " A person who is employed; one who works for wages or for a salary; one who is engaged in the services of or is employed by another," and the legal meaning of the word " hire " has been stated as follows: " The price or compensation for labor and services, or for the temporary possession and use of another's property." Standard Dictionary.

Ordinarily we think of the relation of master and servant when we speak of an *employee* or a person *working for hire*, with definite hours of service belonging exclusively to the master who is obligated to pay certain wages.

From all the facts in this particular case it seems to me that the relation of the Hegel Baking Company with the defendant was not that of master and servant, but rather that the defendant was an independent contractor, free to act as he deemed best for

his own business welfare. I cannot see that this defendant is any different than the huckster who buys at the wholesale market and peddles through the streets. No restriction or regulation governed the quantity or kind of his merchandise. He could deal in the products of others, and sell where he found the best market. Upon all the facts in the case I think the defendant must be considered an independent contractor who is not required to take out a chauffeur's license.

It is elemental that every person is entitled to the free and unrestricted use of the highways of the state and of every portion thereof not in use by other travelers, subject to such restrictions and limitations as may be imposed by the governmental bodies and by the legislature in the exercise of its police power, whenever necessary to provide for and promote the safety, peace, health and general welfare of the People. 13 R. C. L. §§ 208, 209, pp. 251, 252.

The regulations imposed by the legislature should be reasonable and should be construed with a proper regard for the rights of the defendant as well as the public, which is as well protected under the owner's license as it would be if the defendant were compelled to secure a chauffeur's license. The only effect would be to make him pay twice for the privilege of operating his automobile, and that would be unjust. As it is not the policy of the law to make criminal that which has heretofore been deemed lawful without good reason for so doing, it should clearly appear that the act complained of was unlawful if a conviction is to be sustained. I have reached the conclusion that, under the facts in the case, there is no warrant in law for requiring the defendant to obtain a chauffeur's license when he already has an owner's license.

The judgment of conviction should be reversed and the fine imposed returned to the defendant, and an order may be entered accordingly.

Judgment reversed.