STATE OF MARYLAND v. ARTHUR E. DEPEW
[No. 22, October Term, 1938.]

*Decided July 22nd, 1938.*

The cause was submitted on brief to BOND, C. J., UR-NER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Herbert R. O'Conor, Attorney General, Charles T. Le-Viness, 3rd, Assistant Attorney General,* and *Wylie Ritchey, Special Counsel to the Commissioner of Motor Vehicles,* for the State.

JOHNSON, J., delivered the opinion of the Court.

In this proceeding the question presented is whether a person employed by the State of Maryland as an auditor, who, in order to perform his duties in various parts of the state, uses, in going to and from such assignments, an automobile furnished him by the State Auditor, is thereby, in so using said vehicle, a chauffeur, within the purview of section 173 of article 56 of the Code (Supp. 1935).

It is admitted that at the time of his arrest appellee was so employed and was returning from Frederick to Baltimore City in company with others similarly employed; that he had an operator's license, but no chauffeur's license. He was charged before a justice of the

peace of Baltimore County with having operated an automobile upon the public highways of the county without a chauffeur's license, upon which charge he was found guilty and sentenced to pay a fine and costs. Upon appeal to the Circuit Court for that county from the judgment, he was found not guilty, and by virtue of Chapter 238, Acts of 1937 (Code, art. 5, sec. 102-A) the case comes to us upon a writ of *certiorari* granted by this court upon the representation that decisions throughout the state upon the question involved are conflicting.

In section 186, article 56, provision is made for two types of licenses, motor vehicle operator's license and chauffeur's license, and it is provided by section 173 of the same article that the term "chauffeur" as used in the statute includes "every person operating a motor vehicle for hire, or as an employee of the owner thereof," while by section 188 authority is given the Commissioner of Motor Vehicles to determine "in disputed cases * * * the kind of license to which any applicant may be entitled." In 1917 and again in 1926 opinions were rendered by the then Attorney-Generals of the State, construing the section in question to mean that chauffeur licenses were required of all persons operating their employer's automobile, including those who operated automobiles owned by the State. 2 *Opinions of the Attorney-General,* pages 282-283; 11 *Opinions of the Attorney-General,* pages 218-219. But a contrary view of the statute was taken in 1937 by the present Attorney-General. 22 *Opinions of the Attorney-General,* pages 4, 5, 6.

Appellee was never employed as a chauffeur, but as a state auditor, and the extent of his operation of the motor vehicle was purely incidental to the purposes of his employment, and only as a means of enabling him to make his assignments and return to his home in Baltimore.

It has been held that the term "chauffeur" has both a restrictive and general meaning, and in the former sense it applies to persons driving automobiles for salary or compensation. *People v. Loughrey,* Sp. Sess. 159 N. Y. S. 990; *People v. Dennis,* Co. Ct., 166 N. Y. S. 318; *People*

*v. Ritter*, 120 Misc. 852, 200 N. Y. S. 816; *Des Moines Rug Cleaning Co. v. Automobile Underwriters*, 215 Iowa 246, 245 N. W. 215; *Norris Coal Co. v. Jackson*, 80 Ind. App. 423, 141 N. E. 227; *Matthews v. State*, 85 Tex. Cr. R. 469, 214 S. W. 339; *State v. Wimmer*, 117 W. Va. 498, 186 S. E. 133, 105 A. L. R. 67, and note.

As said by the court in *Des Moines Rug Cleaning Co. v. Automobile Underwriters*, 215 Iowa 246, 245 N. W. 215, 218, "the term 'chauffeur' as used in the statutes * * * means a paid operator or employee, that is, a person who is employed and paid by the owner of a motor vehicle to drive and attend to the car; and does not include operators who are not employed and paid for operating the motor vehicle, and therefore does not include an employee who receives his compensation for services rendered other than the operation of motor vehicles, although in performing such services he may incidentally operate a motor vehicle."

Entertaining this view, this court must hold that appellee was not a chauffeur contemplated by section 173 of article 56, and for the same reason he was not required to secure a chauffeur's license under section 188. The judgment of the Circuit Court for Baltimore County was therefore affirmed.