## MARYLAND COMMISSION ON HUMAN RELATIONS
## v. BETHLEHEM STEEL CORPORATION

[No. 509, September Term, 1981.]

*Decided February 4, 1982.*

The cause was argued before Lowe, Couch and Bishop, JJ.

*Risselle Rosenthal Fleisher,* with whom was *Philip L. Marcus* on the brief, for appellant.

*Amicus curiae* brief for Llewellyn B. Wakeman filed. *Charles J. Wargo* on the brief.

*Douglas D. Connah, Jr.,* with whom were *Venable, Baetjer & Howard* on the brief, for appellee.

Bishop, J., delivered the opinion of the Court.

This is an appeal by the Maryland Commission on Human Relations from the issuance of a Writ of Certiorari issued by the Baltimore City Court pursuant to Subtitle K of the Maryland Rules of Procedure commanding the appellant to certify and produce to the court all records in the proceeding, *Wakeman v. Bethlehem Steel Corporation,* Case No. E38-1281. The petition for the writ, filed by the respondent below and the appellee here, Bethlehem Steel Corporation, alleged that the appellant had exceeded its jurisdiction or authority by reconsidering a previous written finding of no probable cause of discrimination then reversing that finding to an amended written finding of probable cause. This action took place after the appellant reopened the proceedings, in violation of its own rules, a year after concluding them, and eight months after having denied a motion to reconsider.

### Question Presented

The issue raised by the appellant is,

> Whether the Baltimore City Court had jurisdiction to issue a Writ of Certiorari against an administrative agency pursuant to MRP Subtitle K prior to or in lieu of exhaustion of statutory and administrative remedies.

The issuance of a Writ of Certiorari under the K Rules is not an assumption or jurisdiction by the lower court but only the first step authorized by the rules in order for the court to determine whether it has jurisdiction.

> Rule K 47. Hearing. Upon the return of the writ and the receipt of the record certified, the court issuing the writ shall determine its own jurisdiction and the jurisdiction and validity of the proceedings of the inferior tribunal.

The argument of the appellant goes to the merits of the case in its posture as if the lower court had made a determination of its jurisdiction and the jurisdiction of the appellant under K 47, *supra.* It is clear from the record that the

lower court did not rule on the jurisdictional questions but only on the procedural one of whether to issue the writ under K 47. The question of jurisdiction, *vel non,* has not been ruled on by the lower court and cannot be ruled on until the return of the writ and the receipt of the record. Rule K 47, *supra.*

The narrow issue that is before us then is not the jurisdiction of the Baltimore City Court but whether that court abused its discretion in issuing the Writ of Certiorari in this case. Therefore, our review is limited to what was before the lower court at the time the writ was issued and whether based on that review the court had the authority to issue the writ under the rules. *State v. Rutherford,* 145 Md. 363, 370-371 (1922). *See also State v. Jacob,* 234 Md. 452, 457-458 (1963); *State v. Stafford,* 160 Md. 385 (1930); *Rayner v. State,* 52 Md. 368, 376-377 (1879). *Cf. Walston v. The Sun Cab Co.,* 267 Md. 559 (1973). We have carefully reviewed the Petition, the accompanying memorandum, the appellant's response thereto, the Wakeman pleading, the appellant's response thereto, the transcript of the argument on the show cause order, the writ itself, the briefs, and the applicable law. We hold that the issuance of the writ is authorized by the K Rules and that the lower court did not abuse its discretion. Accordingly, we affirm the action of the Baltimore City Court in issuing the Writ of Certiorari and remand the case to that court for the purpose of further action under Subtitle K of the Maryland Rules of Procedure.

## Amicus Curiae

In his *Amicus Curiae* brief Llewellyn B. Wakeman raised the question of whether his constitutional rights under Article 24 of the Maryland Declaration of Rights were violated resulting from the lower court's failure to give him a hearing on his "Pleading ... for a Denial of Bethlehem Steel Corporation's Petition for Certiorari and Request For a Hearing." Wakeman had intervened and had a right to be heard. Rule K 48 provides:

> "Motion to Quash-Intervention-Any person deeming himself injuriously affected by the proceeding may move to quash the writ or otherwise intervene."

His counsel had been advised by the Central Assignment office that the argument on the issuance of the writ would be heard at noon. When his counsel appeared at that time he learned that the case had been heard at 10:15 A.M. and as a result he did not have the opportunity to present his argument. Wakeman had a right to appeal the issuance of the writ and to raise as an issue the failure of the lower court to grant him an opportunity to be heard as an intervenor under Rule K 48. He did not do so. Therefore, however meritorious his claim may be, and it is indeed meritorious, it is not before us. An amicus "must take the case as he finds it, with the issues made by the parties." 3A C.J.S. Amicus Curiae, § 7.

> *Order affirmed; case remanded for further proceedings; costs to be paid by appellant.*