203 Md. 502 (1954)
102 A.2d 272
MOORE
v.
BOARD OF LICENSE COMMISSIONERS OF PRINCE GEORGE'S COUNTY
[Misc. No. 1, October Term, 1953.]
Court of Appeals of Maryland.
Decided January 8, 1954.
*504 Before SOBELOFF, C.J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.
Submitted by Earl J. Lombard for petitioners.
Submitted by George T. Burroughs for respondent.
The case was presented to the Court on Petition without argument.
SOBELOFF, C.J., delivered the opinion of the Court.
This petition for a writ of certiorari seeks review of a decision of the Circuit Court for Prince George's County reversing a determination of the Board of License Commissioners of that county and directing that a license authorizing the sale of alcoholic beverages be issued to respondent.
Article 2B, Section 166, 1951 Code, provides for review by the appropriate court of a determination of a board of license commissioners and states that except for the limited situation when the court decides a point of law at variance with any decision previously rendered by any other judge of the state on the same question, no further appeal may be taken from the decision rendered, no matter how erroneous, to the Court of Appeals. Brashears v. Lindenbaum, 189 Md. 619, 56 A.2d 844; Gianforte v. License Commissioners for Baltimore City, 190 Md. 492, 58 A.2d 902. Petitioners recognize this limitation of their right to a review and contend in their petition that the court below, upon the appeal from the Board, did not proceed in strict accordance with Article 2B, Section 166, but on the contrary interpreted the zoning laws of Maryland and the zoning ordinance enacted for Prince George's County in finding that the respondent's property was non-conforming and therefore available for a liquor license. This, they say, was a question exclusively for the District Zoning Council for Prince George's County and beyond *505 the jurisdiction of the circuit court upon appeal from the Board of License Commissioners.
We find it unnecessary to decide whether the court acted in excess of its jurisdiction, for this question could have been raised directly by appeal and therefore cannot be reviewed upon a writ of certiorari. Cf. Superintendent of the Maryland State Reformatory for Males v. Calman, 203 Md. 414, 101 A.2d 207. Chief Judge Boyd, facing the same question, declared: "We have frequently decided that, although when a statute gives the right of appeal to the lower Court and no appeal is expressly given to this Court ordinarily we have no jurisdiction to entertain an appeal from the judgment of the lower Court, if the lower Court and the justice or other tribunal appealed from did not have jurisdiction we would entertain an appeal or writ of error on that ground. As that is thoroughly established in this State, it would of itself be sufficient reason for refusing to grant a writ of certiorari to test the question of jurisdiction, as appeals or writs of error are the usual methods of bringing cases before this Court for review, and nothing could be accomplished in such cases by writs of certiorari, which could not be by one of those methods." Hendrick v. State, 115 Md. 552, 557, 81 A. 18, 19.
But beyond that, the power of the Court of Appeals to issue a writ of certiorari is limited. See 2 Poe, page 696, fn. 18; and 2 Poe, Sec. 722. Chief Judge Marbury defined the extent of that power: "This court has appellate jurisdiction only, and is not authorized to issue writs of certiorari except in aid of that jurisdiction, or as a statutory method of exercising that jurisdiction. [Art. 5, Sec. 105, 1951 Code]; State v. Depew, 175 Md. 274, 1 A.2d 626. If we have jurisdiction to entertain an appeal in this case, then there is no occasion for the issuance of a writ of certiorari. The entire record is before us and we can pass upon all questions ready for our consideration. On the other hand, if an appeal does not lie then we have no power to originate a proceeding here by the writ of certiorari. This subject has *506 been fully discussed in Hendrick v. State, 115 Md. 552, 81 A. 18, and State ex rel. City of Baltimore v. Rutherford, 145 Md. 363, 125 A. 725. The petition for the writ of certiorari will be dismissed." State v. Haas, 188 Md. 63, 67, 51 A.2d 647, 649.
In the present case, the writ is not sought as an aid to this Court's appellate jurisdiction. Article 5, Section 105, does not avail petitioners inasmuch as the appeal to the circuit court was not from a determination of a justice of the peace or a trial magistrate and since there is no allegation that "review is necessary to secure uniformity of decision." Cf. State v. Depew, supra; Darling Shops v. Baltimore Center Corp., 191 Md. 289, 60 A.2d 669; Niemotko v. State, 194 Md. 247, 71 A.2d 9, same case 340 U.S. 268; Hite v. State, 198 Md. 602, 84 A.2d 899; Shipley v. State, 201 Md. 96, 93 A.2d 67.
The petition for writ of certiorari must be dismissed.
We express no opinion as to whether the issues sought to be raised may not properly be brought before a court of competent jurisdiction in an appropriate proceeding at the instance of interested persons, private or official.
Petition dismissed, with costs.