UNITED STATES v. ALBRECHT et al.

Circuit Court of Appeals, Seventh Circuit.
February 17, 1928.

No. 3963.

1. Criminal law ⚖═1001—Order placing defendants on probation, to be effective after they had served part of sentences, held beyond court's power.

Order placing defendants on probation, made after defendants had commenced serving sentences, and requiring continuance of imprisonment for some period of time before order for probation should be effective, was beyond court's power, even if court had jurisdiction to make probation order, as contended, because motions for probation were made before commencement of sentences, since, after commencement of service of sentence of imprisonment, District Court is without power to place prisoners on probation.

2. Criminal law ⚖═1024(1)—Court had jurisdiction to entertain writ of error at instance of United States, where District Court placed prisoners on probation.

Circuit Court of Appeals had jurisdiction to entertain writ of error at instance of United States, where District Court made order placing prisoners on probation.

In Error to the District Court of the United States for the Eastern District of Illinois.

Henry Albrecht, Sr., and another, were convicted of violation of the National Prohibition Act, and the District Court made an order placing defendants on probation. The United States brings error. Reversed and remanded.

Ralph F. Lesemann, of East St. Louis, Ill., for the United States.

William M. Acton, of Danville, Ill., for defendants in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The United States brings this writ of error from an order of the District Court placing on probation the defendants in error, who, on March 31, 1924, were convicted for violation of the National Prohibition Act (27 USCA), and each sentenced to pay a fine of $3,500 and to imprisonment in the Vermilion county, Illinois, jail for one year.

Both were admitted to bail pending the disposition of writ of error to the Supreme Court, which, on January 3, 1927, affirmed the judgment. February 19, 1927, the mandate of the Supreme Court was filed in the District Court. February 24, 1927, upon a duly issued warrant of commitment, both were taken to the jail, where they commenced serving their respective sentences of imprisonment.

February 5, 1927, after the affirmance by the Supreme Court and before the mandate was filed in the District Court, defendants in error orally petitioned the District Court to be placed on probation. The court took the matter under advisement, and on March 5, 1927, at the adjournment of the September term, 1926, continued the petitions to the March term, 1927.

On May 27, 1927, written petitions for probation, designated amended petitions, were filed, and on June 11 a hearing was had and an order entered placing both defendants in error on probation, viz., Albrecht, Jr., at the expiration of 4 months' imprisonment under his sentence to be released and placed on probation for a period of 18 months from that date, and Albrecht, Sr., at the expiration of 8 months' imprisonment under his sentence, to be released and placed on probation for a period of 18 months from that date.

It is the government's principal contention that, because defendants in error had commenced serving their sentences before the order for probation was entered, the court was without power to place them on probation.

Since the argument of this cause the Supreme Court handed down its opinion in United States v. Murray, and Cook, Petitioner v. United States, 48 S. Ct. 146, 72 L. Ed. ——, January 3, 1928, which leaves no room for doubt on this proposition. Murray had served one day of a three months' jail sentence when the court made an order placing him on probation. Cook was serving his penitentiary sentence when the court ordered him placed on probation. The Supreme Court unqualifiedly held that, after commencement of service of a sentence of imprisonment, the District Court was without power to place the prisoners on probation.

It is urged for defendants in error that since the record discloses motions for probation made before the commencement of the sentences, the court retained jurisdiction over the motions notwithstanding the commitment. Such a situation, unmixed with qualifying circumstances, would be at least interesting. But it appears that the oral motions for probation were made before the mandate from the Supreme Court was filed in the District Court, and the government contends the District Court was therefore without jurisdiction at that time to entertain motions for probation, and, no other action for probation appearing prior to the commitment and beginning of sentences, that the oral motion, in any event, was not carried forward to the time of the making of the order after the imprisonment under the sentences had commenced.

It appears, further, that the warrant of commitment, which is unassailed, is in all respects regular, upon authority of the judge of the court, under signature of the clerk, duly sealed, and that it fully empowered the marshal to deliver and the jailer to receive and hold these men in service of the sentences which the court had imposed.

[1] Furthermore, the very probation order recognizes the propriety of the imprisonment which defendants in error had theretofore severally undergone, and in each case requires continuance of the imprisonment for some period of time before the order for probation was to be effective, thus by its terms bringing the order within the condemnation of the Murray-Cook decision, and, even if within the court's jurisdiction to make, neutralizing its own effectiveness. Archer v. Snook (D. C.) 10 F.(2d) 567.

But in any event the Murray-Cook decision is so positive and unequivocal that we would not feel justified in making exception to its broadest application.

[2] For defendants in error it is urged that this court is without jurisdiction to entertain this writ of error at the instance of the United States. Without discussing the contention, we need only say that the Murray-Cook cases were each brought to the Circuit Courts of Appeals on writs of error at the instance of the United States, and from these courts

to the Supreme Court, and each of these courts assumed jurisdiction and adjudicated the questions involved.

The order placing defendants in error on probation is reversed, and the cause remanded for further proceedings in consonance herewith.