# BOARD OF LIQUOR LICENSE COMMISSIONERS FOR BALTIMORE COUNTY et al. v. HANDELMAN et al.

(Two Appeals in One Record)

[No. 53, October Term, 1956.]

*Decided January 29, 1957.*

*Motion for rehearing filed February 28, 1957, denied March 6, 1957.*

154

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*John D. C. Duncan* for the Board.

*J. Elmer Weisheit, Jr.,* and *John D. Alexander* for Mrs. Sheeler.

*Walter R. Haile,* with whom was *Francis T. Peach* on the brief, for the County Commissioners.

*W. Lee Harrison,* with whom were *Solomon Liss* and *Richard C. Murray* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

This case is now before the Court on the appellees' motion to dismiss the appeals and writs of error. The proceedings are characterized by so much procedural informality and confusion as to necessitate a rather lengthy statement of the course which the controversy has taken.

The facts of the case are simple enough. The appellees filed an application with the Board of Liquor License Commissioners for Baltimore County (the "Board") for a package goods liquor license for the sale of beer, wine and liquor at a drugstore located at the intersection of the Joppa Road and

the Old Harford Road in Baltimore County. The Board held a hearing on it on August 9, 1955, at which evidence was presented on behalf of the applicants and also of some protestants, of whom the appellant, Mrs. Sheeler was one. The protestants contended that there was no need for another package goods store in that immediate vicinity. The Board took the matter under advisement, and on August 10th notified the applicants that their application was denied, but no reason for the denial was stated in the notice.

On August 15, 1955, the applicants took an appeal to the Circuit Court for Baltimore County under Code (1951), Article 2B, Section 166, seeking a reversal of the Board's decision. Pursuant to subsection (c) of Section 166, the Board transmitted to the Court on August 30th a transcript of the testimony taken at the hearing and other pertinent papers. The covering letter from the Secretary of the Board to the Clerk of the Court listed the "opinion of the Board" as one of the enclosures. This statement was erroneous, and it appears that no opinion had actually been written and filed up to that time. The covering letter requested that notice of any hearing in court be given to counsel for Mrs. Sheeler, counsel for the applicants and counsel for the Board. The latter happened to be away on his vacation from some date prior to the date of the Secretary's letter of transmittal until September 12th. He received no notice of the hearing and learned only on his return that it had been held during his absence.

On September 6, 1955, Mrs. Sheeler filed a petition for leave to intervene in the case, and such leave was granted. The case was heard on September 7th by Judge Barrett. He had before him the record of the proceedings before the Board. The record transmitted to this Court contains docket entries showing that on September 7, 1955, the hearing was held, the action of the Board was affirmed and the court's opinion was filed. Judge Barrett's opinion, delivered orally, states that he had read the record of proceedings before the Board, that it showed the presence of other liquor stores in the vicinity and that in the face of this testimony he was of the opinion that the applicants had failed to meet the burden of showing that the action of the Board was arbitrary or capricious in denying

the application. At the end of his opinion Judge Barrett said: "It is true, there is no opinion filed with this record. As far as I know, it isn't necessary that the Board must file an opinion. I think it is well that the Board file an opinion, but yet, as I sit here in this case, I have the same record before me that the Board had in making its decision. I feel that the Board did not act arbitrarily or capriciously * * * so I sustain the ruling of the Board, finding of the Board, and dismiss the appeal, or dismiss the petition."

There was some stipulation between the parties (at least those represented at the hearing) with regard to the absence of an opinion of the Board. The stipulation was doubtless oral and no *verbatim* copy of it appears in the record. The parties give somewhat different versions of it. We think that the portion of Judge Barrett's opinion which we have quoted above supports the appellees' contention that the stipulation was to the effect that no opinion had been filed and that the appeal would be heard, argued and decided on that basis. If the stipulation had gone so far as to amount to a waiver on the part of the appellees of any requirement for an opinion or an estoppel against them to insist upon one, Judge Barrett in all probability would have so stated.

On September 19, 1955, the applicants filed, apparently *ex parte*, a petition for rehearing in the Circuit Court for Baltimore County, in which they stressed the absence of any opinion of the Board and cited a decision of Chief Judge Gontrum in another case in the same court in which he was said to have "reversed the action of the Liquor Board, stating that in the absence of an opinion or some other indication by said Board of its findings of facts, it was impossible for the Court to sustain its action." No copy of this opinion was filed. The petition prayed that "the instant proceeding may be reopened and counsel allowed and permitted to fully argue this matter." An order in accordance with the prayer of the petition and directing the Clerk of the court to set the matter for hearing was entered by Judge Barrett on the same day. This was equivalent to granting a motion for a new trial. See *Psalmist Baptist Church v. Board of Zoning Appeals*, 175 Md. 7, 199 A. 815,

where a petition to reopen a case was held the equivalent of a motion for a new trial.

On September 21st a petition was filed on behalf of Mrs. Sheeler which recited the filing of the applicants' petition for a rehearing and the passage of "an appropriate Order granting same", alleged that a matter of considerable importance and novelty was involved, which would require a reasonable time to answer, and prayed that any hearing on the petition for rehearing should be stayed for fifteen days. An order to that effect was entered on the same day. Mrs. Sheeler filed her answer to the petition on September 26th. In it she asserted that the Board's opinion had been filed in these proceedings [as it was on September 22nd] and she prayed that the court should pass its order "reaffirming its previous ruling which affirmed the decision of the Board * * *."

Meanwhile, on September 22nd, the Board filed its answer to the applicants' petition for rehearing. In it the Board denied the need for its filing an opinion, and complained of the lack of notice of the hearing in this and other appealed cases. It also filed its opinion, which it incorporated by reference in its answer. The opinion rested the Board's denial of the license on the ground urged by the protestants and adopted by Judge Barrett in his oral opinion of September 7th—that there was no need for another package store in the neighborhood in question.

On October 7, 1955, the applicants filed a motion to strike the Board's opinion on the ground that it had not been filed within the time prescribed by Section 166 (c) of Article 2B of the Code (1951). No formal action was taken on this petition, though the practical effect of the opinion and order of April 25, 1956, referred to below, was to sustain the objection.

At some time not disclosed and (presumably) before some judge not identified, the applicants made a motion for Judges of the Third Judicial Circuit of Maryland to sit *in banc* to hear the case. The appellants assert and the appellees do not deny that this motion was made without prior notice to the appellants, and since no such written motion is to be found in the record, it must be supposed that it was made orally. Much of the present confusion arises from questions as to the capacity

in which the case was thereafter heard by three Judges of the Third Judicial Circuit, Chief Judge Gontrum and Associate Judges Day and Barrett, sitting in the Circuit Court for Baltimore County, on February 17, 1956. A docket entry of that date states that they were "sitting in banc", and the opinion, filed on April 25, 1956, refers to the motion for the Judges of the Third Judicial Circuit of Maryland to sit *in banc* to hear said case.

Judges Gontrum and Day concurred in holding that the Board's failure to make findings of fact pursuant to Code (1951), Article 2B, Section 57, and to transmit them to the Circuit Court for Baltimore County within the time provided by Section 166 (c) of the same Article, required a reversal of the Board's action and the granting of the license. Section 57 provides that in the absence of adverse findings an application shall be approved and a license issued, and Section 166 (c) requires a transcript of the proceedings before the Board and of all pertinent papers to be transmitted to the Circuit Court within fifteen days after notice of an appeal. Judge Barrett dissented. An order was entered in accordance with the views of the majority of the three-judge court and the appeals are from that order.

On May 15, 1956, Mrs. Sheeler filed her order of appeal. On the same day the Board of County Commissioners sought and obtained leave to intervene and took an appeal. Also, on the same day, the appellants—Mrs. Sheeler, the Board and the County Commissioners—filed petitions for writs of error, upon which the Circuit Court entered orders "that the record herein be removed and an appeal to the Petitioners be allowed as on writ of error or appeal, as the case may be, to the Court of Appeals of Maryland."

No objection appears to have been raised by either Mrs. Sheeler or the Board until after the adverse decision of April 25, 1956, to either the reopening of the case by the order of September 19, 1955, or to the constitution of the three-judge court or to the delay in determination beyond thirty days after the filing of the record in the Circuit Court. Indeed, Mrs. Sheeler's petition filed on September 21, 1955, apparently conceded the propriety of the reopening and asked for a stay for

fifteen days of any hearing on the applicants' petition for re-hearing until a date which was more than thirty days after August 30th, which was the date of filing the record. Her petition alleged reasons for the requested stay which she must have regarded as sound and which the Circuit Court evidently considered as showing good cause for granting the requested extension of time. The requested extension was granted before the expiration of the thirty-day period provided for under Code (1951), Article 2B, Section 166 (d) (3). See *Suttleman v. Board of Liquor License Commissioners for Baltimore City,* 209 Md. 134, 120 A. 2d 388, where we dismissed the appeal because of the absence of the requisite foundation of conflicting decisions and hence a question as to the effect of the lapse of more than thirty days (which had not been raised below) was not properly before us. Cf. *Scherr v. Braun,* 211 Md. 553, 128 A. 2d 388, where a sufficient foundation for appeal was held to have been established, the question had been duly raised below and the automatic affirmance provisions of Section 166 (d) (3) were held operative.

Furthermore, insofar as acquiescence in the reopening is concerned, we note that in her answer filed on September 26, 1955, Mrs. Sheeler asked the court to reaffirm its previous ruling. In addition, the appellants' brief in this Court states that the "Board presumably could have resisted the reopening of the case because of the statute, but, in the public interest, the * * * Board acquiesced in a reopening of the case and supplied the missing paper to make the Transcript complete with the expectation that the Judge who had heard the case without the local Board's opinion would come to the same conclusion after reading the * * * Board's decision." Since the County Commissioners did not seek to become parties to the case until after the decision of the three-judge court, all parties before the court at the respective times of the reopening of the case, of the extension of the time for hearing and of the actual final hearing either sought, assented to or acquiesced in those proceedings. Had the care and thoroughness which are manifest in the briefs filed in this Court been applied to shaping the course of this litigation in the Circuit Court, the numerous problems now presented or sought to be presented would have

been greatly reduced in number and procedural difficulties would probably have been eliminated.

Out of the welter of confusion these things seem clear: *first,* that the appellants concede that Judge Barrett had revisory power for thirty days over his order of September 7, 1955, and hence had power to reopen the case; *second,* that as a result of his reopening it, his order of September 7, 1955, did not finally decide any question of law or anything else; *third,* that as a result of that order having been set aside, it could not thereafter constitute a decision of a point of law at variance with the subsequent decision of a majority of the three-judge court; and hence, *fourth,* that the jurisdictional basis for an appeal to this Court under Code (1951), Article 2B, Section 166 (e) is lacking. *Suttleman v. Board of Liquor License Commissioners for Baltimore City, supra.*

The appellants seek to sustain their appeals or writs of error on the ground that the three-judge court sat as a court *in banc* in the attempted but unwarranted exercise of special, statutory, appellate jurisdiction, and that its lack of jurisdiction is open to direct attack on appeal or writ of error, citing *Board of Medical Examiners v. Steward,* 207 Md. 108, 113 A. 2d 426; *Johnson v. Board of Zoning Appeals of Baltimore County,* 196 Md. 400, 76 A. 2d 736; *Hendrick v. State,* 115 Md. 552, 557, 81 A. 18; *Board of Medical Examiners v. Steward,* 203 Md. 574, 102 A. 2d 248; *Moore v. Board of License Commissioners of Prince George's County,* 203 Md. 502, 102 A. 2d 272; *Close v. So. Md. Agricultural Ass'n,* 134 Md. 629, 108 A. 209; and other cases.

One point may as well be disposed of here. This is that this Court has no greater power of review in this case because of the use of petitions for writs of error than it has on simple appeals. Rule 1 of our former Rules relating to Appeals, which were in force when this case was decided below and was brought to this Court, provided that formal writs of error should be dispensed with and the case proceeded with as if on writ of error; but, as is said in *Poe on Pleading and Practice (Tiffany's* Ed.), Vol. 2, Section 821: "Writs of error have no peculiar power which give them a greater range or wider effect than appeals. They are but different methods of accom-

plishing the same thing, * * *; nor is there any distinction in principle between them." This view was adopted by our Standing Committee on Rules of Practice and Procedure. See the Committee note to what is now Rule 810 of the Maryland Rules (effective January 1, 1957). In accordance with the Committee's recommendation, this Court adopted Rule 810, which abolishes writs of error and makes appeal the sole method of review by this Court, "except where certiorari may be permitted by law." Even though Rule 810 may be regarded as not applicable to the present case, the views which led to its adoption make it clear that it effected no change in substance in the law as it previously existed with regard to the absence of any real difference between review on appeal and review as on writ of error. *State v. Fisher,* 204 Md. 307, 104 A. 2d 403.

It is perfectly clear that in this case the Circuit Court for Baltimore County did not have power to sit as a court *in banc* under Section 22 of Article IV of the State Constitution for two reasons. One is that no motion for the reservation of points or questions to be determined by the court *in banc* was entered at the sitting where the adverse rulings sought to be reviewed were made. *Costigin v. Bond,* 65 Md. 122, 3 A. 285. The other is that a review by a court *in banc* is a form of appeal and that there can be no appeal from a non-existent judgment or order. After Judge Barrett reopened the case, as he did by his order of September 19th, his prior order was annulled. The situation then existing was the same as after a motion for a new trial has been granted in an ordinary law suit. It is unnecessary to consider other grounds of alleged lack of jurisdiction of three-judge court as a court *in banc,* and we therefore express no opinion as to whether or not a court composed of less than the whole number of judges of the Circuit constituted a court *in banc* under Section 22 above referred to, or as to whether or not an appeal to such a court is permissible under Code (1951), Article 2B, Section 166 (e).

It does not follow that because the three judges of the Circuit Court for Baltimore County who heard this case together on February 17, 1956, could not then have been sitting as a court *in banc* under Section 22 of Article IV of the Constitution,

162

they could not sit together in the exercise of the ordinary jurisdiction of the Circuit Court for Baltimore County. Whether or not they should do so was a matter within their power to determine. Their authority to do so is not dependent upon the request or consent of the litigants. The determination of an appeal from the Board of Liquor License Commissioners of Baltimore County is expressly within the jurisdiction of the Circuit Court for that County under Section 166 (b) (e) of Article 2B of the Code. We hold that the three judges of that court who sat in this case had power to hear and determine it in the exercise of that jurisdiction. The decision of the majority is, of course, the decision of the court. Judge Barrett's earlier decision had been set aside by him and was of no further effect. His dissent at the rehearing does not constitute a "decision previously rendered by any other Judge of the State on the same question." No other opinion at variance with the decision of the majority has been submitted. Hence there is no basis for an appeal to this Court under Section 166 (e) of Article 2B of the Code, and the appeals must be dismissed. *Suttleman v. Board of Liquor License Commissioners for Baltimore City, supra.*

Since we are constrained to grant the motion to dismiss the appeal and since other questions sought to be raised on the merits have not been fully argued before this Court, we shall not undertake to state our views with regard thereto, as has sometimes been done where a question of public interest has been fully argued, but the Court has determined that the appeal had to be dismissed. In order to avoid any possible misinterpretation of the effect of the dismissal of these appeals, we state explicitly that these dismissals neither indicate nor imply any holding by this Court to the effect that the Board of Liquor License Commissioners is obligated to record a formal finding of fact in any case where, as here, only one question of fact is shown by the record to have been presented to the Board for determination and its decision and action upon the application before it can be consonant with only one finding on such an issue, or that the provision for the filing in court of pertinent papers within fifteen days after notice of an appeal is received by the Board is mandatory rather than directory so that no such

findings may be received or considered if they are filed (or sought to be filed) after the expiration of the fifteen day period, but before the hearing and determination of the appeal. Such questions are left open for determination as and when they may arise in other cases. So also are questions as to the rights of the several appellants to maintain appeals (Cf. *Brashears v. Lindenbaum,* 189 Md. 619, 56 A. 2d 844; *Zoning Appeals Board v. McKinney,* 174 Md. 551, 199 A. 540; *Bauer v. Hamill,* 188 Md. 553, 53 A. 2d 399) and questions as to the proper practice with regard to extensions of time beyond the thirty days.

*Appeals and writs of error dismissed, with costs.*