551 A.2d 933

**Bernard DABROWSKI**

**v.**

**Angeline DONDALSKI, et vir.**

**No. 647, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Jan. 11, 1989.

George M. Church (Tom James and Whiteford, Taylor & Preston, on the brief), Towson, for appellant.

Alexander R. Martick, Baltimore, for appellees.

Argued before MOYLAN, KARWACKI and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

The appellees, Angeline and Anthony Dondalski (hereinafter Mrs. Dondalski), sued the appellant, Bernard Dabrowski, t/a Bernard Dabrowski & Son Funeral Home (Dabrowski), for injuries incurred when Mrs. Dondalski on May 11, 1981, slipped and fell on the steps of the Dabrowski Funeral Home.

In September of 1984, Dabrowski moved for summary judgment on the grounds that Mrs. Dondalski had failed to allege facts sufficient to establish negligence and that Mrs. Dondalski had been contributorily negligent as a matter of law. Mrs. Dondalski filed her response on May 27, 1985, including a request for a hearing. It was, coincidentally, on that same day that Judge Joseph H.H. Kaplan awarded summary judgment to Dabrowski without an opinion. Under Maryland Rule 2–535, Mrs. Dondalski filed a timely Motion to Strike Judgment. On October 10, 1985, Judge Joseph I. Pines granted the Motion by marginal Order and without opinion. It cannot be determined whether his decision was based upon the merits or upon the procedural flaw of ordering summary judgment against Mrs. Dondalski without having given her the benefit of a hearing.

On October 28, 1986, the case came on for trial before a Baltimore City jury, presided over by Judge Mary Arabian. At the close of all of the evidence, Judge Arabian granted the appellant's Motion for Judgment on the grounds that

Mrs. Dondalski had failed to show sufficient facts to establish negligence and that Mrs. Dondalski had been contributorily negligent as a matter of law.

Mrs. Dondalski, by way of an alternative appeals route, requested an In Banc review pursuant to Maryland Rule 2–551. A panel of the Circuit Court for Baltimore City, presided over by Judge Joseph I. Pines as Chairman and including Judges Clifton J. Gordy and Thomas E. Noel, overturned the judgment in favor of the appellant and ordered a new trial. This appeal is taken from that judgment of the In Banc panel.

On our own motion, we conclude that this appeal must be dismissed since it is not from a final judgment within the contemplation of Md.Cts. & Jud.Proc.Code Ann. § 12–301 (1984). Initially, we look to the provisions of Maryland Rule 2–551 dealing with the procedure for In Banc review. Subsection (h) provides:

> "Any party who seeks and obtains review under this Rule has no further right of appeal. The decision of the panel does not preclude an appeal to the Court of Special Appeals by an opposing party who is otherwise entitled to appeal."

Mrs. Dondalski, the losing party at the trial, chose to travel the alternative appellate route of seeking In Banc review. She, by the terms of subsection (h), would have available no further review from the determination of the In Banc panel. Dabrowski, on the other hand, as the opposing party, would not be prohibited from appealing to this Court an adverse decision by the In Banc panel provided that he was "otherwise entitled to appeal." That becomes the pivotal issue.

It is clear to us that there is no final judgment from which to appeal when all that has been decided by the court below, be it an In Banc review panel or the trial judge herself, is that a new trial shall take place. In such a case, a final judgment has not been rendered and the rights of the parties have not been finally resolved. *Martin v.*

*Rossignol,* 226 Md. 363, 174 A.2d 149 (1961); *Brinand v. Denzik,* 226 Md. 287, 173 A.2d 203 (1961); *Feinberg v. George Washington Cemetery,* 233 Md. 440, 197 A.2d 147 (1964).

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANT.