578 A.2d 215

**BOARD OF LICENSE COMMISSIONERS FOR
MONTGOMERY COUNTY et al.**

v.

**William HABERLIN et al.**

**No. 27, Sept. Term, 1989.**

Court of Appeals of Maryland.

Aug. 30, 1990.

Robert L. Burchett, Miller, Miller & Canby, Rockville, James H. Hulme, Aileen H. Miller, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., Clyde H. Sorrell, County Atty., Charles R. Spigelman, Associate County Atty., Rockville, all on brief, for appellants.

Roger W. Titus, Jane E. Allan, Venable, Baetjer & Howard, Rockville, all on brief, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ. BLACKWELL,* J. (retired).

ELDRIDGE, Judge.

The principal issue in this case concerns the scope of the right to take an in banc appeal pursuant to Art. IV, § 22, of the Maryland constitution and Maryland Rule 2–551.

One of the appellants in this Court, Victor K. Der, applied to the Board of License Commissioners for Montgomery County for the transfer of an "Off Sale Class A Beer and Light Wine License" from Aspen Manor Beer and Wine, located at 13659 Georgia Avenue, Silver Spring, Maryland, to the Aspen Hill 6–Twelve Convenient Mart, located about 200 feet away at 13623 D Georgia Avenue in Silver Spring. Mr. Der is the sole owner and operator of the Aspen Hill 6–Twelve Convenient Mart. He has a franchise agreement with 6–Twelve Convenient Mart, Inc., the franchisor of a chain of convenience stores.

At the administrative hearing before the Board, the appellees William Haberlin and Norman Plotnick, competitors of Mr. Der, participated in the proceedings and opposed the application. Messrs. Haberlin and Plotnick are the proprietors of two nearby beer, wine, and cheese shops licensed by the Board. They argued that granting Mr. Der's application and issuing a license for a 6–Twelve Convenience Mart would violate the proscription against granting alcoholic beverage licenses to "chain stores." *See* Maryland Code (1957, 1987 Repl.Vol.), Art. 2B, § 41(a–1). The Board rejected their argument and granted the application.

Messrs. Haberlin and Plotnick then filed the present action in the Circuit Court for Montgomery County, seeking judicial review of the Board's decision in accordance with Art. 2B, § 175, of the Maryland Code. By an amendment to

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

their petition for judicial review, they added "Count II—Declaratory Judgment," requesting a judgment "declaring that the decision of the Board of License Commissioners for Montgomery County was unlawful, arbitrary, capricious, [and] null and void...." The defendant Victor K. Der filed a motion to dismiss the action, asserting that Messrs. Haberlin and Plotnick, as two competing licensees, lacked standing under Art. 2B, § 175(b)(1), to bring an action for judicial review of the Board's decision.[1]

The circuit court (Raker, J.), agreeing that Messrs. Haberlin and Plotnick lacked standing to bring the action, entered an order dismissing the amended petition for judicial review. A timely motion pursuant to Rule 2–534 to alter or amend the judgment was filed, and it was denied on May 2, 1988. Messrs. Haberlin and Plotnick then filed a notice for in banc review. *See* Maryland Constitution, Art. IV, § 22; Rule 2–551. Haberlin and Plotnick contended that Judge Raker's decision with regard to standing was contrary to the decision of another circuit judge on the identical issue. *See* Art. 2B, § 175(f).

The circuit administrative judge convened a court in banc, consisting of Circuit Judges Mitchell, Sanders, and Cave. After receiving memoranda and hearing oral argument, the in banc court affirmed the dismissal of the declaratory judgment count but reversed the circuit court's judgment

---

1. Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Art. 2B, § 175(b)(1)(i), provides as follows:

   "(b) *Who may appeal.*—(1)(i) Except in Howard County, any licensee or applicant for a license, or any group of not less than 10 persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located, may appeal therefrom to the circuit court of the county upon payment of all costs incident to the hearing before the local board or local licensing official."

   Mr. Der's position was that the reference to "any licensee" in the above-quoted statutory provision was to a person whose license was directly involved in the administrative proceeding from which judicial review is sought. A competing licensee, according to Mr. Der, could obtain judicial review only if he were part of a group of ten or more persons residing or owning real estate in the precinct or voting district.

with regard to the original count, in which the competing licensees had sought judicial review under Art. 2B, § 175(b)(1). The in banc court "remanded" the case "for further proceedings on the merits ... which is the subject of Count I...." The majority of the in banc court, with Judge Cave dissenting, held that the competing licensees had standing under § 175(b)(1) to maintain the action for judicial review.

Within thirty days after the decision of the in banc court, the Board of License Commissioners for Montgomery County and Victor K. Der filed a notice of appeal to the Court of Special Appeals. Before the case was heard by the Court of Special Appeals, this Court issued a writ of certiorari.

■ Preliminarily, the appellees in this Court have moved to dismiss the present appeal on the ground that the judgment of the in banc court was not final and appealable within the meaning of Code (1974, 1989 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article. The appellees assert that the in banc court judgment is not final because it did not terminate the circuit court proceedings in this case. Reliance is placed on the Court of Special Appeals' decision in *Dabrowski v. Dondalski,* 77 Md.App. 747, 551 A.2d 933, *cert. granted,* 316 Md. 107, 557 A.2d 255 (1989), which does support the appellees' position.[2] We have today filed our opinion in *Dabrowski v. Dondalski,* 320 Md. 392, 578 A.2d 211, which holds that the Court of Special Appeals erred in dismissing the appeal in that case and which vacates the judgment of the Court of Special Appeals. For the reasons set forth in our *Dabrowski* opinion, and in *Estep v. Estep,* 285 Md. 416, 420–421, 404 A.2d 1040 (1979), it is clear that the judgment of the in banc court was final and appealable.

---

**2.** Appellees' counsel frankly acknowledges, however, that the Court of Special Appeals' decision in the *Dabrowski* case is inconsistent with prior decisions of this Court, and counsel urges that we resolve the inconsistency.

■  In their motion to dismiss, the appellees also assert that the Board of License Commissioners for Montgomery County lacked standing, under the doctrine of *Zoning Appeals Board v. McKinney,* 174 Md. 551, 199 A. 540 (1938), to take an appeal from the adverse judgment of the in banc court. They rely upon *Liquor License Board v. Leone,* 249 Md. 263, 239 A.2d 82 (1968), and *Bd. of Lic. Comm'rs v. R.N. & W. Corp.,* 20 Md.App. 278, 315 A.2d 107 (1974). Whether the *Leone* and *R.N. & W.* decisions correctly applied the *McKinney* doctrine or remain viable in light of our recent cases,[3] or whether the *Leone* and *R.N. & W.* holdings would be applicable to the present situation, are questions which we need not reach in the present case. The applicant for the license, Victor K. Der, also took an appeal from the in banc court's judgment, and Mr. Der clearly has standing. Where there exists a party having standing to bring an action or take an appeal, we shall not ordinarily inquire as to whether another party on the same side also has standing. *See, e.g., State v. Burning Tree Club,* 315 Md. 254, 291, 554 A.2d 366, *cert. denied,* —— U.S. ——, 110 S.Ct. 66, 107 L.Ed.2d 33 (1989); *Montgomery County v. Board of Elections,* 311 Md. 512, 516 n. 3, 536 A.2d 641 (1988); *State's Atty v. City of Balto.,* 274 Md. 597, 602, 337 A.2d 92 (1975), and cases there cited.

The motion to dismiss will be denied.

■  Apart from the motion to dismiss, the parties argue a single issue before us, namely whether Messrs. Haberlin and Plotnick were entitled to maintain this action in the circuit court. Both sides in this Court have proceeded upon the assumption that the in banc court was empowered to entertain the appeal from Judge Raker's decision and to decide the issue of a competing licensee's standing. At oral

---

**3.** *See, e.g., Maryland Real Estate Commission v. Johnson,* 320 Md. 91, 576 A.2d 760 (1990); *Department v. Bo Peep,* 317 Md. 573, 584–586, 565 A.2d 1015 (1989); *Motor Vehicle Admin. v. Lindsay,* 309 Md. 557, 561, 525 A.2d 1051 (1987); *Consumer Protection v. Consumer Pub.,* 304 Md. 731, 742–746, 501 A.2d 48 (1985); *County Comm'rs of Carroll Co. v. Gross,* 301 Md. 473, 477–481, 483 A.2d 755 (1984).

argument, however, this Court sua sponte raised the question of whether an appeal authorized by Code (1957, 1987 Repl.Vol.), Art. 2B, § 175(f), can be taken to a court in banc.[4] Whether an appeal to a court in banc is permissible under what is now Art. 2B, § 175(f), had been expressly raised by this Court, but not decided, more than thirty years ago in *Liquor Board v. Handelman,* 212 Md. 152, 161, 129 A.2d 78 (1957).

Since we shall decide that the court in banc should not have exercised jurisdiction over this case, and that the only avenue of appeal from Judge Raker's order of May 2, 1988, was an appeal to the Court of Special Appeals, we shall vacate the judgment of the court in banc. Moreover, as Messrs. Haberlin and Plotnick did not take an appeal to the Court of Special Appeals within thirty days after the circuit court's May 2, 1988, order, that order became the final unreviewable judgment disposing of this case. *See Dabrowski v. Dondalski, supra; Walbert v. Walbert,* 310 Md. 657, 531 A.2d 291 (1987). Consequently, this Court cannot in this case decide the issue of whether competing licensees are entitled to maintain an action under Art. 2B, § 175(b)(1), for judicial review of a liquor board decision.

Art. IV, § 22, of the Constitution of Maryland provides as follows:

**"Section 22. Reservation of points or questions for consideration by court in banc.**

"Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom

---

4. When a court in banc or other intermediate appellate court has exercised jurisdiction over an appeal, the question of whether it should have exercised jurisdiction is an issue which we shall address sua sponte when the case reaches us. *See Walbert v. Walbert,* 310 Md. 657, 662–663, 531 A.2d 291 (1987), and cases there cited; *Estep v. Estep,* 285 Md. 416, 421–422, 404 A.2d 1040 (1979). With regard to the situation where an in banc court declines to exercise jurisdiction, however, *see Montgomery County v. McNeece,* 311 Md. 194, 198–200, 533 A.2d 671 (1987).

the ruling or decision is made, upon motion, to have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in banc for such purpose; and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made; and the several Circuit Courts shall regulate, by rules, the mode and manner of presenting such points, or questions to the Court in banc, and the decision of the said Court in banc shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points, or questions were reserved; but such decision in banc shall not preclude the right of Appeal, or writ of error to the adverse party, in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law. The right of having questions reserved shall not, however, apply to trials of Appeals from judgments of the District Court, nor to criminal cases below the grade of felony, except when the punishment is confinement in the Penitentiary; and this Section shall be subject to such provisions as may hereafter be made by Law."

This Court's opinions construing and applying Art. IV, § 22, have established certain principles which are pertinent to the issue now before us.

Thus, we have pointed out that a court in banc is established and functions "as a separate appellate tribunal, and not merely as an arm of the trial court," *Montgomery County v. McNeece*, 311 Md. 194, 201, 533 A.2d 671 (1987). *See Dabrowski v. Dondalski, supra; Estep v. Estep, supra,* 285 Md. at 421, 404 A.2d at 1042–1043. The purpose of the constitutional provision authorizing an in banc appeal was to provide a substitute or alternate for an appeal to the Court of Appeals or, in recent years, to the Court of Special Appeals. *Montgomery County v. McNeece, supra,* 311 Md. at 198, 201, 533 A.2d at 672–674; *Washabaugh v. Washabaugh,* 285 Md. 393, 396, 404 A.2d 1027 (1979); *Buck v. Folkers,* 269 Md. 185, 187, 304 A.2d 826 (1973); *State Roads*

*Comm. v. Smith,* 224 Md. 537, 540, 168 A.2d 705 (1961); *Costigin v. Bond,* 65 Md. 122, 124, 3 A. 285 (1886); *Shueey v. Stoner,* 47 Md. 167, 170 (1877).

Consequently, this Court has held that when no appeal from a circuit court order could be taken to the Court of Special Appeals (or, prior to the 1970's, the Court of Appeals), then no appeal can be taken to a court in banc. Generally, an appeal under § 12–301 of the Courts and Judicial Proceedings Article must be authorized in order for a court in banc to exercise jurisdiction. *Dean v. State,* 302 Md. 493, 497–498, 489 A.2d 22 (1985); *Estep v. Estep, supra,* 285 Md. at 422–424, 404 A.2d at 1043–1045. *See Liquor Board v. Handelman, supra,* 212 Md. at 161, 129 A.2d at 83. As Judge J. Dudley Digges pointed out for the Court in the *Estep* case, "we look to the pertinent enactment [conferring appellate jurisdiction] to determine the scope of the court in banc's basic authority to act. The applicable statute is section 12–301 of the ... Courts [and Judicial Proceedings] Article," 285 Md. at 422, 404 A.2d at 1043.

In a majority of circuit court cases, an appeal from a final judgment to the Court of Special Appeals is authorized by § 12–301 of the Courts and Judicial Proceedings Article, and there are no other statutory provisions limiting or modifying the right of appeal under § 12–301. As to these ordinary cases, Art. IV, § 22, of the Constitution and Rule 2–551 provide an alternate avenue of appeal to a court in banc.

The General Assembly, however, will often enact statutes providing for a limited or extraordinary appeal in special cases. For example, while appeals in circuit court criminal cases are taken in the usual manner and go to the Court of Special Appeals, an appeal in a case where the death sentence has been imposed is automatic and goes to the Court of Appeals. Code (1957, 1987 Repl.Vol.), Art. 27, § 414; Rule 8–306. In this special situation of a death penalty, the General Assembly obviously desired that there be an appeal

in every case which would go directly to the highest court in the State; it clearly intended that the method of appeal set forth in Art. 27, § 414, and Rule 8–306, be exclusive.[5] To allow an alternate route of appeal to a court in banc would certainly defeat the legislative purpose. There are several other special appellate statutory provisions which embody a legislative intent that is inconsistent with an alternate appeal from a circuit court to a court in banc. A few of these are, *e.g.*, Code (1957, 1986 Repl.Vol.), Art. 33, § 19–4(3)(i) ("Any appeal [in a contested election case] shall be taken directly to the Court of Appeals within 5 days of the date of the decision of the circuit court"); Code (1974, 1989 Repl. Vol.), § 3–706 of the Courts and Judicial Proceedings Article (automatic appeal to the Court of Special Appeals, within five days of judgment, in habeas corpus case where judge holds unconstitutional the law under which the applicant was convicted); § 12–305 of the Courts and Judicial Proceedings Article (discretionary review in Court of Appeals of circuit court cases reviewing District Court or Motor Vehicle Administration decisions).

We shall not attempt in this opinion to delineate all of those situations where an alternate appeal to a court in banc would be inconsistent with special appellate statutory provisions. In our view, however, an appeal to a court in banc is clearly inconsistent with the legislative purpose underlying Art. 2B, § 175(f). Subsections (a) through (e) of Art. 2B, § 175, provide for circuit court judicial review of liquor board administrative decisions. Subsection (f) then states:

"The decision of the court thus given shall be final and effective at once. No further appeal shall lie nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the circuit court of any county shall in any

---

5. *See* Code (1974, 1989 Repl.Vol.), § 12–307(4) of the Courts and Judicial Proceedings Article.

case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Special Appeals. Any such appeal shall not stay the action of the lower court. The Court of Special Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact."

Section 175(f) reflects the legislative intent that, except in one situation, there should be no appeal from a circuit court judgment reviewing a liquor board decision. The sole exception is when the circuit court has gone into conflict with another trial judge in the State on an issue of law.

The purpose of the very limited appeal authorized by § 175(f) is "only to resolve a conflict between two *trial* judges' decisions on a legal issue." *Brown v. Baer*, 291 Md. 377, 385, 435 A.2d 96 (1981). The earlier conflicting trial judge's decision may be that of a trial judge in another judicial circuit. Consequently, a court in banc cannot resolve such a conflict. Its decision would have very little persuasive precedential effect throughout the State. Moreover, there is no requirement that in banc courts issue opinions, and the in banc court in the present case wrote no opinion. Even when they do issue written opinions, the opinions are not published. The only appellate courts which can resolve the conflicting trial court decisions on a legal issue are the statewide appellate courts, namely the Court of Special Appeals and the Court of Appeals. Clearly when the General Assembly authorized the exceptional limited appeal in § 175(f), to resolve a legal issue, it intended that the appellate resolution be by the Court of Special Appeals and/or the Court of Appeals in accordance with §§ 12–201, 12–203, and 12–305 through 12–308 of the Courts and Judicial Proceedings Article. The availability of an alternate appeal to a court in banc would be inconsistent with the legislative purpose embodied in Art. 2B, § 175(f).

■ Therefore, we hold that Art. 2B, § 175(f), prohibits an appeal to a court in banc. As Art. IV, § 22, of the

Constitution provides that the right to an in banc appeal "shall be subject to such provisions as may hereafter be made by Law," the General Assembly is entitled to preclude an in banc appeal in specific situations. It did so in the present case.

JUDGMENT OF THE IN BANC COURT VACATED. CASE REMANDED TO THE IN BANC COURT WITH DIRECTIONS TO DISMISS THE APPEAL. RESPONDENTS TO PAY COSTS.